# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 19, 2016

## STATE OF TENNESSEE v. KARI DIANE SPECK

**Appeal from the Criminal Court for Putnam County**
**No. 10-0226  Gary McKenzie, Judge**

_____

**No. M2016-00254-CCA-R3-CD – Filed August 8, 2016**

_____


Appellant, Kari Diane Speck, appeals the denial of her motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Because Appellant has failed to state a colorable claim that her sentences are illegal, the decision of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Kari Diane Speck, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Bryant C. Dunaway, District Attorney General; and Victor Gernt, Assistant District Attorney General, for the appellee, State of Tennessee.


## OPINION

On June 16, 2011, Appellant pled guilty to second degree murder and aggravated robbery. Appellant was sentenced as a Range I, standard offender and received concurrent sentences of thirty years and twelve years, respectively. The "special conditions" box on the judgment form for the second degree murder conviction states, "Defendant has agreed to plea outside of the range of punishment." According to the plea agreement, both sentences were to be served at 100%; however, the judgment form for the aggravated robbery conviction reflects a release eligibility of 30%.

On January 4, 2016, Appellant filed a motion to correct an illegal sentence, alleging that the second degree murder sentence is illegal because it is outside the range for a standard offender convicted of a Class A felony. Additionally, Appellant alleged that the aggravated robbery sentence was illegal because it is not a violent offense requiring 100% service. The trial court denied the motion, and Appellant timely filed an appeal.

Rule 36.1 of the Tennessee Rules of Criminal Procedure provides a procedural mechanism for either the defendant or the State to seek correction of an illegal sentence. "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). In this regard, "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015). The trial court may summarily dismiss the motion if the defendant does not "state[] a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593.

Historically, a "knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997). The prosecution and the defense "may agree to a 'hybrid' sentence that 'mixes and matches' range assignment, term of years, and release eligibility without regard to what our sentencing scheme might call for absent a plea bargain so long as (1) the term of years is within the overall range of years specified for the offense, and (2) the [release eligibility date] is not less than the minimum allowable for the offense." *Davis v. State*, 313 S.W.3d 751, 760 (Tenn. 2010) (citations omitted). That is precisely what occurred in this case. Although Appellant's sentence for second degree murder is beyond the normal range for a standard offender convicted of a Class A felony, our supreme court has clearly held that such a plea-bargained sentence is not illegal when the sentence is still within the overall statutory range for the crime. *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007) (holding that a Range I, thirty-five-year sentence at 100% for second degree murder is not illegal); *see also State v. Donquise Tremonte Alexander*, No. M2015-02098-CCA-R3-CD, 2016 WL 768894, at *2 (Tenn. Crim. App. Feb. 29, 2016) (holding that a Range I, thirty-year sentence at 100% for second degree murder is not illegal), *perm. app. denied* (Tenn. June 23, 2016). The authorized punishment for a Class A felony is not less than fifteen years nor more than sixty years. T.C.A. § 40-35-111(b)(1). Because Appellant's murder sentence is within the statutory range, it is not illegal.

With regard to Appellant's conviction for aggravated robbery, the judgment form reflects that she received a Range I sentence of 12 years to be served at the standard offender release eligibility of 30%. We acknowledge that this is inconsistent with the

plea agreement document signed by the parties, which indicates that the sentence for the aggravated robbery conviction is to be served at 100%. However, we do not have a transcript of the plea hearing in the record currently before us. Normally, the transcript controls when the record shows a conflict between the judgment form and the transcript. *State v. Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991). An appellant bears the burden of preparing an adequate record for appellate review. *See State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993). Based solely on the judgment form in the record, there is nothing illegal about a Range I sentence being served at 30%.[1] T.C.A. § 40-35-501(c). Because the release eligibility date for Defendant's aggravated robbery sentence is not less than that authorized by statute, it is not illegal.

Because Appellant has failed to state a colorable claim that her sentences are illegal, the trial court properly denied the motion.

_____
TIMOTHY L. EASTER, JUDGE

---

[1] Nothing in the record before us indicates that Appellant had a prior conviction for aggravated robbery or especially aggravated robbery that would require 100% service of her sentence pursuant to Tennessee Code Annotated section 40-35-501(k)(2).